IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| Timothy Detter,<br><br>    Plaintiff,<br><br>vs.<br><br>Keybank N.A.,<br><br>    Defendants. | Case No. 16-CV-0498 ODS |

## AMENDED COMPLAINT – CLASS ACTION

Now comes Plaintiff, Timothy Detter, by and through his counsel, pursuant to FED. R. CIV. P. 15(a)(1)(B) and for his Amended Complaint, states and avers as follows:

## INTRODUCTION

1. Plaintiff, Timothy Detter, brings this action pursuant to the Fair Credit Reporting Act, 15 USC §1681 *et seq.* (hereinafter "FCRA") for violation by the defendant Keybank, N.A.

2. This class action alleges that certain policies and practices followed by Keybank, N.A. in obtaining and using consumer reports pertaining to applicants and current employees violate the FCRA.

3. Plaintiff brings this action to secure redress for Keybank, N.A.'s violations of the FCRA. Plaintiff seeks statutory damages and punitive damages, attorney fees and costs.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is conferred under 28 U.S.C. §§ 1331 and 1337, and 15 U.S.C. § 1681p.

5. Venue in this district is proper because Keybank, N.A. conducts business in this district and the events upon which this action is based transpired in this district.

## PARTIES

6. Plaintiff Timothy Detter is a resident of this district and is a "consumer" as defined by the FCRA, 15 U.S.C. §1681a(c).

7. Defendant Keybank, N.A. is a for national bank that has thousands of employees and is a user of consumer reports, as contemplated by the FCRA, 15 U.S.C. § 1681b.

## FACTS

8. Prior to June 2, 2015, Plaintiff paid off all obligations to Defendant Key Bank N.A. in full.

9. After June 2, 2015, Plaintiff and Defendant had no debtor/creditor relationship.

10. On June 2, 2015, Defendant Key Bank N.A. accessed Plaintiff's credit

report without a legally permissible purpose.

11. Defendant Key Bank N.A. had no legitimate business need to obtain Plaintiff's credit report on June 2, 2015 as there was no longer a creditor/debtor relationship.

## FACTS COMMON TO ALL CLASS MEMBERS

12. Keybank, N.A.'s regular practice is to obtain consumer reports from a consumer reporting agency even though the consumer paid the debt and there is no legitimate need to evaluate the consumer for credit review.

## KEYBANK, N.A. ACTED WILLFULLY

13. Keybank, N.A. knew or should have known that its actions and omissions violated the FCRA as it certainly knew that Plaintiff previously paid off any debt.

14. The obligations to only obtain consumer reports for a permissible purpose are well established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission and Consumer Financial Protection Bureau.

15. Keybank, N.A. procured, or had available to it, substantial written materials that informed it of its duties under the FCRA. Any reasonable creditor

that utilized consumer reports in whole or in part when making credit review decisions knows about, or should know about, and can easily discover the federal mandates arising under the FCRA. In fact, Keybank provides education materials on its website regarding consumer reports and the FCRA rights related to such. It even asserts that "The good news is pulling your credit report and score is easier and cheaper than ever." https://www.key.com/html/credit-score-articles.html (last visited July 18, 2016)

16. In addition, Defendant even has a web portal to dispute items on a consumer's credit report. *See* https://www.key.com/about/customer-service/credit-bureau-dispute-contact.jsp (last visited July 18, 2016)

17. Despite knowing of these legal obligations, Keybank, N.A. acted recklessly and consciously in breaching its known duties and depriving Plaintiff and other members of the class of their rights under the FCRA.

18. As a result of these FCRA violations, Defendant is liable to Plaintiff and to each FCRA Class Member, for statutory damages from $100.00 to $1,000.00 pursuant to 15 U.S.C. §1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. §1681n(a)(2) for each of the violations alleged herein, and for attorneys' fees and costs pursuant to §1681n and §1681o.

## CLASS ACTION ALLEGATIONS

19. Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil

Procedure, Plaintiff brings this action for himself and on behalf of a class (the "Class") initially defined as follows:

> All consumers whose consumer reports were accessed by Defendant after the consumer had paid off debts owed to Defendant during the applicable statute of limitations.

20. Numerosity. FED. R. CIV. P. 23(a)(1). The Class members are so numerous that joinder of all is impractical. The names and addresses of the Class members are identifiable through documents maintained by Keybank, N.A., and the Class members may be notified of the pendency of this action by published and/or mailed notice. Numerosity can be inferred by Defendant's size, that it employs thousands of employees and the fact that its omissions are part of its routine business practice.

21. Existence and Predominance of Common Questions of Law and Fact. FED. R. CIV. P. 23(a)(2). Common questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting only individual members. These common legal and factual questions include, among other things and without limitation:

    a. whether Keybank, N.A. accessed a class members consumer report.

    b. whether Keybank, N.A.'s still had a creditor relationship with the consumer whose credit report was accessed.

5

22. Typicality. FED. R. CIV. P. 23(a)(3). Plaintiff's claims are typical of the claims of each Class member. Plaintiff seeks only statutory and punitive damages. In addition, Plaintiff is entitled to relief under the same causes of action as the other members of the Class.

23. Adequacy. Plaintiff is an adequate representative of the Class because his interests coincide with, and are not antagonistic to, the interests of the members of the Class he seeks to represent, he has retained counsel competent and experienced in such litigation, and he intends to prosecute this action vigorously. Fed.R. Civ.P. 23(a)(4). Plaintiff and his Counsel will fairly and adequately protect the interests of the members of the Class.

24. Superiority. Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. Fed.R. Civ.P. 23(b)(3). The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Keybank, N.A.'s conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents

a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

25. Injunctive Relief Appropriate for the Class. Class certification is appropriate because Defendant has acted on grounds generally applicable to the Class, making appropriate equitable injunctive relief with respect to Plaintiff and the Class members. Fed.R. Civ.P. 23(b)(2).

## COUNT ONE: VIOLATION OF THE FCRA § 1681b(b)(3)(B)

26. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

27. Defendant violated 15 U.S.C. § 1681b(f) by willfully and/or recklessly accessing, attaching, publishing and using Plaintiff's credit profile without a permissible purpose or authorization under the FCRA.

28. Defendant violated 15 U.S.C. § 1681n by negligently accessing, attaching, publishing and using Plaintiff's credit file without a permissible purpose or authorization under the FCRA.

29. Defendant violated 15 U.S.C. § 1681o by willfully and/or recklessly

accessing, attaching, publishing and using Plaintiff's credit file without a permissible purpose or authorization under the FCRA.

30. As a result of the above violations of the FCRA, the Defendant are liable to the Plaintiff in the sum of Plaintiff's actual damages, statutory damages, punitive damages, costs, disbursements, and reasonable attorney's fees.

*WHEREFORE*, Plaintiff and the Class Members pray for relief as follows:

1. An order certifying the proposed FCRA class herein under Federal Rule 23 and appointing Plaintiffs and their undersigned counsel of record to represent same;

2. The creation of a common fund available to provide notice of and remedy Defendant's FCRA violations;

3. Statutory and punitive damages;

4. Equitable and/or declaratory relief;

5. Attorneys' fees, expenses and costs;

6. Pre-judgment and post-judgment interest as provided by law; and

7. Such other relief the Court does deem just, equitable and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully Submitted,


By: /s/ A.J. Stecklein
A.J. Stecklein #46663
Michael H. Rapp #66688
Stecklein & Rapp Chartered
748 Ann Avenue
Kansas City, Kansas 66101
Telephone: (913) 371-0727
Facsimile: (913) 371-0147
Email: aj@kcconsumerlawyer.com
       mr@kcconsumerlayer.com


Keith J. Keogh-*pro hac* to be filed
Amy L. Wells-*pro hac* to be filed
Keogh Law, Ltd.
55 W. Monroe Street, Suite 3390
Chicago, IL 60603
Telephone: (312) 726-1092
Facsimile: (312) 726-1093
Email:keith@keoghlaw.com
       awells@keoghlaw.com

Attorneys for Plaintiff

9