IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY DETTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 16-00498-CV-W-ODS |
| | ) | |
| KEYBANK N.A., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Pending is Defendant KeyBank's Motion to Dismiss Plaintiff's Second Amended Complaint. Doc. #38. For the following reasons, Defendant's motion is granted and the case is dismissed.

## I. BACKGROUND

On April 21, 2016, Plaintiff Timothy Detter filed a Petition in the Circuit Court of Jackson County, Missouri, alleging KeyBank violated the Fair Credit Reporting Act ("FCRA"). Doc. #1-1. KeyBank timely removed the action to this Court. Doc. #1. Thereafter Detter filed his Second Amended Complaint, alleging KeyBank violated section 1681b(f) by accessing Detter's consumer report without a permissible purpose or authorization, and sought to represent a class of similarly situated individuals. Doc. #26. Detter seeks statutory damages, punitive damages, attorney's fees, and costs. *Id.*

KeyBank is a large national bank.[1] Detter, a consumer, had a relationship with KeyBank that financially obligated him to KeyBank. Prior to June 2, 2015, Detter paid all obligations to KeyBank in full. On June 2, 2015, when no creditor-debtor relationship existed, Detter alleges KeyBank accessed his consumer report without a permissible purpose or his authorization in violation of the FCRA. Detter also alleges KeyBank acted willfully in its conduct. KeyBank's motion to dismiss argues Detter lacks standing,

[1] All factual allegations are taken from Detter's Second Amended Complaint (Doc. #26) unless otherwise noted.

fails to state a claim upon which relief can be granted, and the matter is not appropriate for class action certification. Doc. #38.

## II. DISCUSSION

"[F]ederal courts are courts of limited jurisdiction." *Dakota, Minnesota & E.R.R. Corp. v. Schieffer*, 715 F.3d 712, 712 (8th Cir. 2013) (citations omitted). The party invoking federal jurisdiction has the burden of establishing that it exists. *Id*.; *see also Jones v. United States*, 727 F.3d 844, 846 (8th Cir. 2013); *Bowe v. Nw. Airlines, Inc.*, 974 F.2d 101, 103 (8th Cir. 1992). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). When considering a motion to dismiss for want of standing, this Court must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party. *Clayton v. White Hall Sch. Dist.*, 778 F.2d 457, 458 (8th Cir. 1985) (citation omitted).

The "irreducible constitutional minimum" of standing has three elements. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). A plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* (citing *Lujan*, 504 U.S. at 560-61; *Friends of the Earth, Inc. v. Laidlaw Envtl. Serv. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000)). KeyBank does not dispute the fairly traceable and redressable elements of standing, but challenges whether Detter demonstrates an injury in fact sufficient for the Court to confer standing.

To establish injury in fact, a plaintiff must show he or she suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Spokeo*, 136 S. Ct. at 1548 (quoting *Lujan*, 504 U.S. at 560 (internal quotation marks omitted)). *Spokeo* presented the question "[w]hether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court, by

authorizing a private right of action based on a bare violation of a federal statute." Questions Presented, *Spokeo, Inc. v. Robins*, No. 13-1339 (U.S.), *available at* https://www.supremecourt.gov/qp/13-01339qp.pdf. Like Detter, the plaintiff in *Spokeo* alleged the defendant violated the FCRA and sought to represent a class of similarly situated individuals. *Spokeo*, 136 S. Ct. at 1544. The district court concluded the plaintiff lacked standing, but the Ninth Circuit reversed, holding an injury in fact was established due to a violation of the plaintiff's statutory rights and the plaintiff had a personal stake in the handling of his credit information. *Id.* at 1545. The Supreme Court remanded the Ninth Circuit's "incomplete" analysis to consider "*both* aspects of the injury-in-fact requirement" because the Ninth Circuit only determined the plaintiff's claim was particularized while failing to address the concrete element of injury in fact. *Id.* at 1545 (emphasis in original).

The Court reiterated "Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing." *Id.* at 1547-48 (quoting *Raines v. Byrd*, 521 U.S. 811, 820 n.3 (1997)). The injury must be "concrete *and* particularized," and "[a] concrete injury must be *de facto*, that is, it must actually exist." *Id.* at 1548 (internal quotations omitted) (emphasis in original). Concrete "is not, however, necessarily synonymous with tangible," and "intangible injuries can nevertheless be concrete." *Id.* at 1549 (internal quotations omitted). To determine whether an intangible harm is sufficiently concrete to confer standing, "both history and judgment of Congress play important roles." Id. If the "alleged intangible harm has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts," the intangible harm may satisfy the injury in fact requirement. *Id.* While Congress may elevate *de facto* injuries to legally cognizable status, this does not mean "a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id.* A plaintiff cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Id.*

The Eighth Circuit recently addressed *Spokeo*'s impact in the context of an alleged violation of the Cable Communications Policy Act.[2] *See Braitberg v. Charter Commc'ns, Inc.*, 836 F.3d 925, 930 (8th Cir. 2016). The Court recognized *Spokeo* rejected the "absolute view" that "the actual-injury requirement may be satisfied *solely* by the invasion of a legal right that Congress *created*." *Id.* (quoting *Hammer v. Sam's E., Inc.*, 754 F.3d 492, 498-99 (8th Cir. 2014) (emphasis in original)). The Court found the plaintiff failed to establish an injury in fact because the plaintiff alleged only a statutory violation of the "duty to destroy personally identifiable information by retaining certain information longer than the company should have kept it." *Id.* There was no allegation the company disclosed the information to a third party, allowed a third party to access the information, or the company used the information in any way. *Id.* Moreover, there was no showing of "material risk of harm from the retention." *Id.* The complaint alleged only "a bare procedural violation, divorced from any concrete harm," and was therefore properly dismissed by the district court. *Id.* at 930-31 (quoting *Spokeo*, 136 S. Ct. at 1549).

Detter's amended complaint alleges KeyBank "accessed" his report without his authorization or a permissible purpose. Doc. #26, at ¶ 16. Similar to *Braitberg*, Detter alleges no actual harm from KeyBank accessing his consumer report. There is no allegation KeyBank disclosed Detter's report to third parties, allowed a third party to access the report, or that KeyBank used the information in any way. Nor is there an allegation Detter faces a "material risk of harm" from KeyBank accessing his report. Although Detter cites to the Eighth Circuit's recent decision in *American Farm Bureau Federation v. United States Environmental Protection Agency* to argue disclosure of information is sufficient to establish standing, Detter does not allege KeyBank disclosed or used his information in any way. 836 F.3d 963, 968 (8th Cir. 2016).[3] Detter alleges only a statutory violation without any actual or imminent concrete harm.

---

[2] The plaintiff in *Braitberg* filed suit after the defendant allegedly retained his personal information in violation of 47 U.S.C. § 551(e), a Cable Communications Policy Act provision prohibiting retention of personally identifiable information when no longer necessary, or there are no requests or orders to retain the information. 836 F.3d at 927.

[3] Detter argues *Braitberg* should not control over *American Farm Bureau Federation* because the latter was published the day after *Braitberg*. Doc. #42, at 12 n.2.

Detter, relying on *Hammer*, argues he has standing because he presents a substantive violation of the FCRA rather than a violation of a mere procedural right. Doc. #42, at 13. *Spokeo* and *Braitberg* used the phrase "bare procedural violation," whereas *Hammer* speaks of violation of a "statutory right." *Spokeo*, 136 S. Ct. at 1549; *Braitberg*, 836 F.3d at 930; *Hammer*, 754 F.3d at 499. However, the Eighth Circuit held *Spokeo* superseded *Hammer*. *Braitberg*, 836 F.3d at 930. Given *Braitberg* did not have standing to bring suit with a claim similar to Detter's, alleging a mere statutory violation without concrete harm, the Court finds reliance on *Hammer* is not appropriate. *See also Thompson v. Rally House of Kansas City, Inc.*, No. 15-00886-CV-W-GAF, 2016 U.S. Dist. LEXIS 146146, at *13-14 (W.D.Mo Oct. 6, 2016) (finding same in a Fair and Accurate Credit Transactions claim based on a statutory violation without concrete harm shown). In light of *Spokeo* and *Braitberg*, without a showing of concrete harm, Detter fails to establish he suffers an injury in fact sufficient to confer standing. As such, Detter fails to establish Article III standing, and the Court grants KeyBank's motion to dismiss.

## III. CONCLUSION

For the above reasons, the Court grants KeyBank's motion to dismiss. Because the Court has determined it lacks subject-matter jurisdiction over Detter's claim, the Court does not decide whether Detter plead a claim upon which relief can be granted, or whether class-action certification is appropriate.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT

DATE: November 14, 2016

---

*American Farm Bureau Federation* addresses associational standing and the dissemination of information. *Am. Farm Bureau Fed'n*, 836 F.3d at 965. The decision does not cite to *Hammer*, *Spokeo*, or *Braitberg*. *See generally*, *Am. Farm Bureau Fed'n*, 836 F.3d 963. *Braitberg*, a case addressing an individual's ability to bring suit for a mere statutory violation, is the relevant and instructive case the Court finds appropriate to guide its decision in this case.