IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| TIMOTHY DETTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 16-00498-CV-W-ODS |
| ) | |
| KEYBANK N.A., ) | |
| ) | |
| Defendant. ) | |

**ORDER AND OPINION (1) VACATING COURT'S ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, (2) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR RECONSIDERATION, AND (3) REMANDING CASE TO THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**

Pending is Plaintiff Timothy Detter's Motion for Reconsideration of the Court's November 14, 2016 Order. Doc. #49.

**I. BACKGROUND**

On April 21, 2016, Plaintiff filed a Petition in the Circuit Court of Jackson County, Missouri, alleging Defendant KeyBank violated the Fair Credit Reporting Act ("FCRA"). Doc. #1-1. Defendant timely removed the action to this Court. Doc. #1. Thereafter Plaintiff filed his Second Amended Complaint, alleging Defendant violated section 1681b(f) by accessing Plaintiff's consumer report without a permissible purpose or authorization, and sought to represent a class of similarly situated individuals. Doc. #26.

Defendant moved to dismiss, arguing Plaintiff lacked standing, failed to state a claim upon which relief could be granted, and certification of a class was inappropriate. Doc. #38. After finding Plaintiff failed to establish he suffered an injury in fact sufficient to confer standing, the Court granted Defendant's motion. Doc. #47. Plaintiff now moves for reconsideration of the Court's Order dismissing the case. Doc. #49. Plaintiff argues the Court should: (1) modify the judgment to the reflect the Court's dismissal is without prejudice, (2) remand the case to the Circuit Court of Jackson County, Missouri,

and (3) award fees to Plaintiff due to Defendant's objectively unreasonable removal of the case. *Id.* at 1-2.

## II. DISCUSSION

### (1) Remand

After a Court determines a plaintiff lacks standing in a case originally filed in federal court, the appropriate remedy is generally to dismiss the case without prejudice. *Wallace v. ConAgra Foods, Inc.*, 747 F.3d 1025, 1033 (8th Cir. 2014). In the event a case is removed to federal court and the Court determines the plaintiff lacks standing, the Court must remand the case to the state court where it was originally filed. *Id.*; see also 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Hughes v. City of Cedar Rapids, Iowa*, 840 F.3d 987, 993 (8th Cir. 2016).

The Court vacates its November 14, 2016 Order granting Defendant's motion to dismiss. Doc. #47. In light of the Court's decision that Plaintiff lacks standing, the appropriate remedy is not to dismiss the case, but to remand the case to the state court where it was originally filed. Accordingly, the Court grants in part Plaintiff's motion to reconsider, and remands this matter to the Circuit Court of Jackson County, Missouri.[1]

### (2) Attorney's Fees

Plaintiff further requests the Court award fees incurred as a result of what Plaintiff characterizes as Defendant's objectively unreasonable removal of the case to this Court. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). In deciding whether to award fees, the Court considers the "reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively unreasonable basis for seeing removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

---

[1] Because the Court vacates its prior ruling, the Court does not address Plaintiff's argument that the dismissal should have been without prejudice.

Plaintiff's Petition alleges a single violation of the FCRA, a federal statute.  This Court has original jurisdiction over a claim arising under a law of the United States.  28 U.S.C. § 1331 ("[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").  Furthermore, a defendant may remove an action to a district court of the United States if the district court has original jurisdiction over the action.  28 U.S.C. § 1441(a).

Plaintiff does not contest Defendant's ability to remove the action.  Rather, Defendant argues removal was objectively unreasonable because Defendant asserted this Court had jurisdiction for removal purposes, but later argued Plaintiff lacked standing to bring his claim in this Court.  The Court is not persuaded.  Removal of the action was proper pursuant to removal statutes.  Notably, Plaintiff did not file a motion to remand, and could only raise arguments regarding remand in the event this Court found Plaintiff lacked standing.  Furthermore, Defendant's motion to dismiss was not based solely on jurisdictional arguments, but also argued Plaintiff failed to state a claim and class certification was not appropriate.  The Court denies Plaintiff's request for fees.

### III.  CONCLUSION

The Court grants in part and denies in part Plaintiff's motion for reconsideration.  Doc. #49.  For the above reasons, the Court remands this action to the Circuit Court of Jackson County, Missouri for further proceedings.  The Court declines to award Plaintiff attorney's fees incurred as a result of Defendant's removal.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE:  December 13, 2016                UNITED STATES DISTRICT COURT